IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM SIVETER, ET AL. | * |
| Plaintiffs | * |
| v. | *   Civil No. JFM-03-659 |
| PEAK INCORPORATED, ET AL. | * |
| Defendants | * |
| ***** | |
| KEVIN REESE | * |
| Cross Claimant | * |
| v. | * |
| PEAK INCORPORATED | * |
| Defendant | * |
| ***** | |

MEMORANDUM

Pending before me is Peak Incorporated's motion for summary judgment. For the reasons set forth below, the motion is denied.

I. PROCEDURAL HISTORY

Plaintiffs William Siveter, Joseph Brown, and Anderson Perez brought this action against Peak Incorporated ("Peak"), Kevin Reese, the State of Maryland, and the Maryland Department of Transportation on March 12, 2003. The claims against the State of Maryland and the Maryland Department of Transportation were dismissed on June 2, 2003. Reese filed a cross-claim against Peak on August 23, 2004. Peak filed a cross-claim against Reese and a counterclaim against Siveter on October 25, 2004.

Peak filed a motion for summary judgment on September 29, 2005. Siveter filed a

response on October 14 and Reese filed a response on October 28.  Siveter, Brown, and Perez filed a joint response on October 31 incorporating the arguments stated in Reese's response.

## II. FACTS

This action arises from a motor vehicle accident that occurred in the early morning of September 7, 2002, on Cherry Hill Road in Montgomery County.  At approximately 1:45 a.m., a car driven by Reese struck the back of Peak's front end loader, resulting in injuries to Reese and his three passengers Siveter, Brown, and Perez.  The front end loader was parked in the left northbound lane while Peak employees performed construction work on the road.  Reese's car was traveling north in this same lane, in the direction of the front end loader.  The car in front of Reese was driven by Brett King, who is not a party to this case and did not know Reese or the plaintiffs.  King did not see the front end loader until it was very close and swerved at the last moment to avoid it.  Reese apparently did not see the front end loader until it was too late, perhaps in part because King's car was in front of him, and rammed into it at 25-40 mph.

## III. DISCUSSION

Peak's motion for summary judgment asks me to find as a matter of law that (1) the plaintiffs, including cross-claim plaintiff Reese, cannot establish proximate cause; and (2) Reese was contributorily negligent.

Summary judgment is proper where there is no genuine issue of material fact and the moving party proves that it is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56. When assessing a motion for summary judgment, the court must draw all justifiable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).  Materiality is determined by the substantive law of the case; if a fact is in

dispute that might affect the outcome of a case, it is considered to be material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

There are several genuine issues of material fact in this case that a jury will need to decide, including:

1) whether signs indicating cars were entering a construction zone were visible to oncoming traffic

2) whether Siveter distracted Reese by pushing a cake product onto his face at the time of the accident, or whether this horseplay occurred earlier at a 7-11 convenience store

3) whether Reese applied the brakes prior to hitting the front end loader

4) whether the dome light on the back of the front end loader was actually on at the time of the accident and, more generally, whether other lights on the front end loader were functioning.

*A. Proximate cause*

Proximate cause "means that negligence is not actionable unless it, without the intervention of any independent factor, causes the harm complained of." *Schwarz v. Hathaway*, 570 A.2d 348, 351 (Md. Ct. Spec. App. 1990)  Proximate cause "involves . . . the idea of continuity, that the negligent act continuously extends through every event, fact, act, and occurrence related to the tortious conduct of the defendant, and is itself the logical and natural cause of the injury complained of." *Id.*

Peak contends that plaintiffs cannot establish that Peak's act or omission is the proximate cause of the accident because the plaintiffs engaged in horseplay in the car and ignored clear signs indicating they were entering a construction zone.  Peak asserts these acts by the plaintiffs

were independent factors that eliminate the causal connection between Peak's activity and the injury.  Peak's argument is unpersuasive.  When the evidence is viewed in the light most favorable to the plaintiffs, proximate cause is established.  Peak parked a front end loader in an active lane of traffic at night with few warning signs and little lighting.  This negligent act arguably was the logical and natural cause of the car accident.

As to the issue of alleged horseplay, plaintiffs contend no horseplay occurred in the car.  This issue is in dispute and must be viewed in the light most favorable to the plaintiffs.  Assuming there was no horseplay, Peak's argument relies on the presence of street signs indicating a construction zone was ahead.  The first sign, a flashing variable message board, was placed 1,000 feet from the front end loader and said, "New Traffic Pattern 9/6/02."  Another sign, apparently place *300 feet* ahead of the front end loader, said "Roadwork 1500 feet, Left Lane Closure 1000 feet."  A third sign contained a construction dogleg symbol.  These signs are insufficient to support a finding as a matter of law that plaintiffs were on notice of the presence of a front end loader at such a close distance in the lane ahead of them.  In that regard, King's emergency swerve just before Reese's accident provides further evidence that the signs were insufficient.

### B.  Contributory negligence

In order for the issue of contributory negligence to be decided as a matter of law, "the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds."  *Reiser v. Abramson*, 286 A.2d 91, 93 (Md. 1972).  The individual being charged with contributory negligence is held to the standard of a reasonable person under similar

circumstances.  *Craig v. Greenbelt Consumer Servs., Inc.*, 222 A.2d 836, 837 (Md. 1966).

In contending that Reese was contributorily negligent as a matter of law,  Peak essentially relies on the same reasoning employed in its argument that plaintiffs cannot establish proximate cause.  According to Peak, "the only reasonable interpretation of the evidence . . . is that Plaintiff Reese was negligent in failing to pay attention to the roadway."  (Peak's Mot. for Summ. J. at 13.)  This argument fails for the same reasons I have previously stated.  Again it is worthy of note that there is an arguably reasonable person in this case against whom one can judge Reese's conduct: Brett King.  According to his testimony, King did not see the front loader until it was almost too late; he only avoided a collision because he saw the reflection of his headlights off the loader.  (*See* Reese's Opp'n, Deposition of Brett King, Ex. 8 at 3.)

A separate order is being entered herewith denying Peak's motion.


Date: December 22, 2005             /s/_____
                                    J. Frederick Motz
                                    United States District Judge